# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| GLORIA JEAN DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| vs. | ) |
| | ) NO. 1:09-CV-2719-CC-LTW |
| GREENPOINT MORTGAGE | ) |
| FUNDING, INC., BAC HOME | ) |
| LOANS SERVICING, LP, | ) SECOND AMENDED COMPLAINT |
| FEDERAL NATIONAL | ) |
| MORTGAGE ASSOCIATION, | ) |
| N.A., JOHN DOE 1 and JOHN | ) |
| DOE 2, | ) |
| | ) |
| Defendants. | ) |

Plaintiff ("Ms. Davis") states as follows:

## I. PRELIMINARY STATEMENT

1. This Second Amended Complaint is filed under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1666, to enforce Ms. Davis's right to rescind two consumer credit transactions and to recover damages, attorney's fees, court costs and litigation expenses. Ms. Davis asserts an extended right of rescission based on violations of TILA and implementing Regulation Z, 12 C.F.R. pt. 226 ("Regulation Z") and also seeks damages for failure to meet the terms of her rescission demands.

Ms. Davis also seeks damages, attorney's fees, court costs and litigation expenses under the Real Estate Settlement Procedures Act ("RESPA"), for failure to provide information required by 12 U.S.C. § 2605(e), and under TILA (by vicarious liability) for failure to provided the information required by 15 U.S.C. § 1641(f)(2).

## II. JURISDICTION

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331, 1337.

## III. PARTIES

3. Ms. Davis is a United States citizen and resident of Dekalb County, Georgia.

4. Defendant GreenPoint Mortgage Funding, Inc. ("GreenPoint") is a New York corporation that regularly engages in the business of mortgage lending and does substantial business in the state of Georgia. GreenPoint's principal office address is 1100 Larkspur Landing Circle, Suite 360, Larkspur, California, 94939.

5. Defendant BAC Home Loans Servicing, LP, ("BAC Home Loans"), formerly Countrywide Home Loan Servicing, LP, ("Countrywide"), is a Texas corporation that regularly engages in the business of mortgage lending and mortgage servicing and has done substantial business in the state of Georgia. BAC

Home Loans' principal office address is 4500 Park Granada, MS CH-11, Calabasas, California 91302.

6. Defendant Federal National Mortgage Association ("Fannie Mae") is a foreign corporation that does substantial business in the state of Georgia. Its corporate headquarters are located at 3900 Wisconsin Avenue, N.W., Washington, D.C. 20016-2892.

7. Defendant John Doe 1 was the interim assignee of Plaintiff's $110,400 mortgage loan dated September 25, 2006, which is secured by residential property in Georgia. At this time, Plaintiff does not know the name and identity of John Doe 1. Plaintiff will amend her Complaint to allege this information if and when it is ascertained.

8. Defendant John Doe 2 is the current assignee of Plaintiff's $110,400 mortgage loan dated September 25, 2006, which is secured by residential property in Georgia. At this time, Plaintiff does not know with absolute certainty the name and identity of John Doe 2, although she has been advised that it is Fannie Mae. Plaintiff will amend her Complaint to allege the name and identity of John Doe 2 when known (if it is not Fannie Mae).

## IV. FACTUAL BACKGROUND

9. Ms. Davis is a 65-year-old, African-American woman who purchased her home in Stone Mountain, Georgia in 1988 and has lived there since then.

10. On September 25, 2006, GreenPoint extended two mortgage loans to Ms. Davis in consumer credit transactions involving promissory notes and security deeds ("the Transactions"). One transaction was a mortgage loan in the amount of $110,400 ("first mortgage"). The other transaction was a mortgage loan in the amount of $27,600 ("second mortgage").

11. As part of the Transactions, GreenPoint acquired security interests in residential real property owned by Ms. Davis and used as her principal dwelling.

12. The Transactions were subsequently serviced by Countrywide. Countrywide held the servicing rights in the Transactions until the sale of Countrywide and the transfer of its portfolio to Bank of America, N.A. and its subsidiary, BAC Home Loans. On information and belief, BAC Home Loans now holds the servicing rights in the Transactions.

13. On information and belief, the first mortgage was assigned to Fannie Mae in November, 2006 and Fannie Mae remains the assignee and holder of the first mortgage. However, no assignment of the first mortgage was recorded.

14. The second mortgage is still owned and held by GreenPoint.

15. As servicer of the first mortgage for Fannie Mae, BAC Home Loans is Fannie Mae's agent. As servicer of the second mortgage for GreenPoint, BAC Home Loans is GreenPoint's agent.

16. The first mortgage loan had an initial principal amount of $110,400 and payments are of interest only for the first ten years of its thirty-year term.

17. The second mortgage loan had an initial principal balance of $27,600. The interest rate is variable, beginning at 11% annually, with a cap at 18%.

18. On October 7, 2009, in an effort to identify any new holder of the mortgages, Plaintiff sent a letter ("Letter") to BAC Home Loans requesting the information required to be provided by a loan servicer under TILA 15 U.S.C. §1641(f)(2). The Letter also constituted a qualified written request to a servicer under RESPA at 12 U.S.C. § 2605(e).

19. A true copy of the above Letter is attached hereto as Exhibit A. BAC Home Loans received the Letter on October 13, 2009.

20. Under 12 U.S.C. § 2605(e)(2), BAC Home Loans was required to respond to the above Letter within sixty days (excluding legal public holidays, Saturdays, and Sundays) of its receipt, providing either the information requested by Ms. Davis or an explanation of why the information was unavailable or could not be obtained by BAC Home Loans. BAC Home Loans failed to meet this

requirement. In fact, BAC Home Loans has never provided any of the information requested in the Letter. Accordingly, BAC Home Loans violated both TILA and RESPA.

21. Additionally, because BAC Home Loans is the agent of the holders of the mortgage loans in issue, those holders are vicariously liable for BAC Home Loans' failure to comply with 15 U.S.C. §1641(f)(2). The liability attaches to GreenPoint with regard to the second mortgage and, with regard to the first mortgage, either to Fannie Mae or, if Fannie Mae is not the current holder, to John Doe 2.

## V. COUNT ONE: RESCISSION AND DAMAGES UNDER TILA

22. Ms. Davis incorporates by reference paragraphs 1-21 above.

23. At all times relevant hereto, GreenPoint, in the ordinary course of its business, regularly extended consumer credit for which a finance charge was imposed.

24. GreenPoint extended consumer credit in transactions secured by a dwelling more than five times either in the year 2005 or in the year 2006 prior to September 25, 2006.

25. GreenPoint is the initial payee on the notes in both the first mortgage and the second mortgage.

26. The Transactions are subject to TILA and to the rescission remedy described in TILA at 15 U.S.C. §1635 and in Regulation Z, 12 C.F.R. §226.23.

27. With regard to the first mortgage, GreenPoint violated TILA and Regulation Z by failing to make proper disclosures of Ms. Davis's right of rescission. Specifically, GreenPoint failed to deliver to her two copies of the Notice of Right to Cancel.

28. With regard to the second mortgage, GreenPoint violated TILA and Regulation Z by failing to make proper disclosures of Ms. Davis's right of rescission. Specifically, GreenPoint failed to deliver to her two copies of the Notice of Right to Cancel.

29. As a result of GreenPoint's above violations of TILA and Regulation Z, Ms. Davis obtained a continuing right to rescind the Transactions.

30. The first mortgage was assigned to Fannie Mae.

31. Assignees, including interim assignees, are subject to the TILA rescission remedy by virtue of 15 U.S.C. § 1641.

32. On September 16, 2009, Ms. Davis, through counsel, sent GreenPoint demands for rescission of the Transactions under TILA.

33. GreenPoint received the above rescission demands and responded that it had complied with TILA and therefore was rejecting the demands.

34. On September 16, 2009, Ms. Davis, through counsel, sent demands for rescission of the Transactions under TILA addressed to "Holder(s) of the Subject Mortgage Loans" in care of their agent, Bank of America, at the office of Bank of America's General Counsel.

35. The above letter was received on September 18, 2009.

36. At the time that the above letter was received, the holder of the first mortgage was either Fannie Mae or John Doe 2.

37. Neither Fannie Mae nor John Doe 2 responded to the letter referred to in paragraph 34 within the time prescribed by TILA. In fact, neither ever responded to the letter.

38. On November 19, 2009, Ms. Davis, through counsel, sent Fannie Mae a demand for rescission of the first mortgage under TILA. This letter reiterated and renewed the rescission demand already made in the letter referred to in paragraph 34.

39. Fannie Mae received the demand but did not respond to it.

40. Instead, Fannie Mae forwarded the demand to BAC Home Loans, which forwarded it to GreenPoint. GreenPoint responded in a letter dated January 26, 2010, again rejecting the rescission demand.

41. Ms. Davis can, after the Transactions are rescinded, tender the net proceeds of these Transactions by making installment payments as allowed by relevant case authorities.

42. As a result of the above violations of TILA, Ms. Davis is entitled to judicial enforcement of her rescission demands under TILA and to $12,000 in TILA statutory damages from GreenPoint, $4000 in TILA statutory damages from Fannie Mae, and $4000 in TILA statutory damages from either Fannie Mae or John Doe 2 as vicarious liability for its agent's violation of 15 U.S.C. § 1641(f)(2), plus actual damages, attorney's fees, costs, and litigation expenses plus, in addition to the above statutory damages, actual damages, attorney's fees, costs, and litigation expenses.

## VI. COUNT TWO: DAMAGES UNDER RESPA

43. Ms. Davis incorporates by reference paragraphs 1-42 above.

44. As shown above in paragraph 18, Ms. Davis on October 7, 2009, sent to BAC Home Loans the Letter attached hereto as Exhibit A.

45. The Letter was a "qualified written request" to a servicer under RESPA at 12 U.S.C. § 2605(e).

46. The Letter concerned both the first mortgage and the second mortgage.

47. BAC Home Loans received the Letter no later than October 13, 2009.

48. As shown above in paragraph 20, BAC Home Loans did not provide the information sought in the letter within the time prescribed by RESPA and in fact never provided the information.

49. In response to the Letter, BAC Home Loans took the position that it was not legally required to provide the information sought in the Letter. In accordance with this position, BAC Home Loans refused to provide the information.

50. In response to the Letter, BAC Home Loans demonstrated that its general policy was not to provide the type of information sought therein.

51. BAC Home Loans has made it a practice, based on the above policy, not to comply with the qualified written request provisions as set forth in RESPA at 12 U.S.C. § 2605.

52. Ms. Davis was inconvenienced and incurred expenses in seeking the information that BAC Home Loans refused to provide.

53. BAC Home Loans is therefore liable to Ms. Davis under RESPA at 12 U.S.C. § 2605(f) for actual damages, additional damages in the amount of $2000, plus attorney's fees, the costs of this lawsuit, and litigation expenses.

**WHEREFORE,** Ms. Davis respectfully prays for the following relief:

1. declare that Ms. Davis's rescission of the Transactions has the immediate and automatic effect of rendering void and unenforceable all contractual

obligations arising from or connected with the Transactions and of returning Ms. Davis and Defendants to the status quo ante;

2. rescind the Transactions and declare void all of the charges imposed therein;

3. declare void any security interests created in the Transactions;

4. order Defendants to take any action necessary to terminate any security interests in Ms. Davis's property created in the Transactions;

5. against GreenPoint, award Ms. Davis $8000 in TILA statutory damages, plus actual damages, costs, and litigation expenses;

6. against Fannie Mae, award Ms. Davis $4000 in TILA statutory damages, plus actual damages, attorney's fees, costs, and litigation expenses;

7. against BAC Home Loans, for its violations of RESPA, award Ms. Davis actual damages, additional damages of $2000, attorney's fees, costs and litigation expenses;

8. against GreenPoint, award Ms. Davis $4000 in statutory damages for BAC Home Loan's violation of TILA, plus attorney's fees, costs, and litigation expenses;

9. against Fannie Mae, or John Doe 2 if Fannie Mae is not the current holder of the larger mortgage, award Ms. Davis $4000 in statutory damages for BAC

Home Loan's violation of TILA, plus attorney's fees, costs, and litigation expenses;

10. set the matter for a trial by jury as provided by law; and

11. award such other and further relief as the Court deems just and proper.

TRIAL BY JURY DEMANDED

s/ Stacey Hillock<br>
Stacey Hillock<br>
Georgia Bar No. 140941

Attorney for Plaintiff
Atlanta Legal Aid Society, Inc.
151 Spring Street, NW
Atlanta, Georgia 30303
(404) 614-3927
(404) 614-3997 (Fax)
sahillock@atlantalegalaid.org

# EXHIBIT A

# Senior Citizens Law Project
# Atlanta Legal Aid Society

*Managing Attorney*
  *Stephen M. Krumm*
*Staff Attorneys*
  *Stacy E. Reynolds*
  *Stacey A. Hillock*
  *Jennifer C. Staack*
  *J. Rachel Scott*
*Paralegal*
  *Bomani Bakari*

*151 Spring Street, N.W.*
*Atlanta, Georgia 30303-2097*
*TTY/TTD: (404) 577-3727*
*(404) 524-5811*
*Fax (404) 614-3997*

*Direct Line: (404) 614-3927*

October 7, 2009

VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED
BAC Home Loans Servicing, LP
Attn: Correspondence Unit
SV-314B
P.O. Box 5170
Simi Valley, California 93062-5170

Re:   Gloria Jean Davis
      GreenPoint Mortgage Funding, Inc.
      Loan Number: 0090679101 (Bank of America Account No. 022228707)
      Loan Number: 0090679119 (Bank of America Account No. 022228709)
      Transactions Between Gloria Jean Davis and GreenPoint Mortgage Funding, Inc.,
      Dated September 25, 2006

To Whom It May Concern:

   I represent Ms. Gloria Davis with regard to the September 25, 2006 transactions referenced above (hereinafter referred to as "mortgages" or "transactions"). Ms. Davis contacted our office seeking advice concerning the transactions. In order to assist Ms. Davis, I need to identify the current holder(s) of the mortgages. It is my understanding that the mortgages have been assigned. However, the assignments were not recorded in the public records.

   I am advising your company, as the servicer and thus the holder's agent, that the new holder of a mortgage loan has a duty under the provision of the Truth in Lending Act at 15 U.S.C. §1641(g), to provide the following information within thirty days:

   (A)   the identity, address, telephone number of the new creditor;
   (B)   the date of the transfer;
   (C)   how to reach an agent or party having authority to act on behalf of the new creditor;
   (D)   the location of the place where transfer of ownership of the debt is recorded; and
   (E)   any other relevant information regarding the new creditor.

As of today, this duty has not been met. Please send the required information directly to me as soon as possible.

Since your company is the current servicer of the transactions, this request should be considered as also being made under the identification requirement at 15 U.S.C. § 1641(f)(2), as well as the "qualified written request" provisions of the Real Estate Settlement Procedures Act at 12 U.S.C. § 2605(e).

Thank you for your prompt attention to this matter. If you have any questions, I can be reached at (404) 614-3947.

Sincerely,

Stacey Hillock<br>
Attorney at Law

Enc.:  Authorization to Release Confidential Information

cc:    Gloria Jean Davis

## AUTHORIZATION TO RELEASE CONFIDENTIAL RECORDS

I, **Gloria Davis** do hereby authorize BAC Home Loans Servicing to allow **Stacey Hillock** and/or any other representative of the Senior Citizens Law Project or Atlanta Legal Aid Society, Inc., to examine and/or copy all information and material pertaining to My home loans.

I hereby waive any privilege I have to the aforementioned information to any authorized representative, Senior Citizens Law Project/Atlanta Legal Aid Society, Inc.

_Gloria Davis_
SIGNATURE

6-19-09
DATE