## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **GLORIA JEAN DAVIS,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| | : **CIVIL ACTION** |
| **v.** | : **FILE NO. 1:09-CV-2719-CC-LTW** |
| | : |
| **GREENPOINT MORTGAGE** | : |
| **FUNDING, INC., BAC HOME** | : |
| **LOANS SERVICING, LP,** | : |
| **FEDERAL NATIONAL** | : |
| **MORTGAGE ASSOCIATION,** | : |
| **JOHN DOE 1, AND JOHN DOE 2,** | : |
| | : |
| **Defendants.** | : |

## DEFENDANT BAC'S ANSWER AND
## AFFIRMATIVE AND OTHER DEFENSES

Defendant Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP[1] ("BAC") provides the following answer and defenses in response to the Second Amended Complaint (the "Complaint") (Doc. 55) filed by Plaintiff Gloria Jean Davis (the "Plaintiff").

---

[1]   BAC Home Loans Servicing, L.P. merged with and into Bank of America, N.A. on July 1, 2011.

### Affirmative and Other Defenses

Without shifting the burden of proof where it otherwise rests with Plaintiff, BAC sets forth the following Affirmative and Other Defenses.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The claims that Plaintiff asserts against BAC are barred, in whole or in part, by the principle of res judicata, the statute of frauds, the applicable statutes of limitations and repose, and the doctrine of laches.

### THIRD DEFENSE

The claims that Plaintiff asserts against BAC are barred, in whole or in part, by contract.

### FOURTH DEFENSE

The claims that Plaintiff asserts against BAC fail because BAC has acted in good faith.

### FIFTH DEFENSE

The claims that Plaintiff asserts against BAC fail because BAC has acted in a commercially reasonable manner.

## SIXTH DEFENSE

Plaintiff's claims against BAC are barred, in whole or in part, by Plaintiff's failure to mitigate her damages.

## SEVENTH DEFENSE

Plaintiff's claims are barred because BAC is not the proximate cause of Plaintiff's damages.

## EIGHTH DEFENSE

The claims that Plaintiff asserts against BAC are barred, in whole or in part, because Plaintiff has experienced no damages.

## NINTH DEFENSE

Plaintiff's claims against BAC are barred, in whole or in part, by Plaintiff's failure to satisfy conditions precedent or statutory prerequisites.

## TENTH DEFENSE

Plaintiff's claims against BAC are barred because all required disclosures were timely and accurately made.

## ELEVENTH DEFENSE

The claims that Plaintiff asserts against BAC fail to the extent they are premised on alleged conduct that was required or permitted by the Truth in Lending Act, the Real Estate Settlement Procedures Act, or other law or regulation or otherwise was privileged.

## TWELFTH DEFENSE

Plaintiff's RESPA claim against BAC fails because Plaintiff's purported Qualified Written Request ("QWR") under RESPA was not a QWR and did not trigger any duties for BAC under RESPA.

## THIRTEENTH DEFENSE

BAC responds to the numbered paragraphs of Plaintiff's Complaint as follows. Except as expressly admitted herein, BAC denies each and every allegation contained in the Complaint.

## I.   PRELIMINARY STATEMENT

### 1.

The allegations contained in Paragraph 1 state legal conclusions that do not require a response from BAC. To the extent that a response is required, BAC denies the allegations contained in Paragraph 1 of the Complaint.

## II.   JURISDICTION

2.

The allegations contained in Paragraph 2 state a legal conclusion that does not require a response from BAC. To the extent that a response is required, BAC denies the allegations contained in Paragraph 2 of the Complaint.

## III.   PARTIES

3.

BAC is without sufficient knowledge or information on which to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations of Paragraph 3 are denied.

4.

The allegations contained in Paragraph 4 are directed at a defendant other than BAC. To the extent that a response is required, BAC is without sufficient knowledge on which to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations of Paragraph 4 are denied.

5.

BAC admits that it is a national banking association headquartered in North Carolina and that it has and does conduct business, including mortgage servicing,

in Georgia. Except as expressly admitted herein, BAC denies the allegations contained in Paragraph 5.

6.

The allegations contained in Paragraph 6 are directed at a defendant other than BAC. To the extent that a response is required, BAC is without sufficient knowledge on which to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations of Paragraph 6 are denied.

7.

The allegations contained in Paragraph 7 are directed at a defendant other than BAC. To the extent that a response is required, BAC is without sufficient knowledge on which to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations of Paragraph 7 are denied.

8.

The allegations contained in Paragraph 8 are directed at a defendant other than BAC. To the extent that a response is required, BAC is without sufficient knowledge on which to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations of Paragraph 8 are denied.

## IV.   FACTUAL BACKGROUND

9.

BAC is without sufficient knowledge or information on which to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations of Paragraph 9 are denied.

10.

BAC admits that Plaintiff granted a security interest to Mortgage Electronic Registration Systems, Inc. in certain property located in DeKalb County, Georgia (the "Property"), as more particularly described in and pursuant to that certain Security Deed, dated September 25, 2006, and filed in the real property records of DeKalb County at Deed Book 19376, Page 746 (the "First Security Deed"), and the First Security Deed identifies GreenPoint Mortgage Funding, Inc. as the lender. BAC further admits that Plaintiff granted a security interest in the Property, as more particularly described in and pursuant to that certain Open-End Mortgage, dated September 25, 2006, and filed in the real property records of DeKalb County at Deed Book 19376, Page 765 (the "Second Security Deed"), to GreenPoint Mortgage Funding, Inc. as the lender and Mortgage Electronic Registration Systems, Inc. as the lender's nominee. Otherwise, BAC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 10 of the Complaint.  Except as expressly admitted herein, BAC denies the allegations contained in Paragraph 10 of the Complaint.

11.

BAC admits that Plaintiff granted a security interest to Mortgage Electronic Registration Systems, Inc. in the Property, as more particularly described in and pursuant to the First Security Deed, and the First Security Deed identifies GreenPoint Mortgage Funding, Inc. as the lender. BAC further admits that Plaintiff granted a security interest in the Property, as more particularly described in the Second Security Deed, to GreenPoint Mortgage Funding, Inc. as the lender and Mortgage Electronic Registration Systems, Inc. as the lender's nominee. Otherwise, BAC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.  Except as expressly admitted herein, BAC denies the allegations contained in Paragraph 11 of the Complaint.

12.

BAC states that it was previously the servicer of the loans secured by the First Security Deed and the Second Security Deed. By way of further response, BAC is no longer the servicer with respect to either of the loans secured by the

First Security Deed or the Second Security Deed. Except as expressly admitted herein, BAC denies the allegations contained in Paragraph 12 of the Complaint.

13.

The allegations contained in Paragraph 13 are directed at a defendant other than BAC. To the extent that a response is required, BAC is without sufficient knowledge on which to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations of Paragraph 13 are denied.

14.

The allegations contained in Paragraph 14 are directed at a defendant other than BAC. To the extent that a response is required, BAC is without sufficient knowledge on which to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations of Paragraph 14 are denied.

15.

BAC denies the allegations contained in Paragraph 15 of the Complaint. By way of further response, BAC is no longer the servicer with respect to either of the loans secured by the First Security Deed or the Second Security Deed. BAC was never the agent of Federal National Mortgage Association or GreenPoint Mortgage Funding, Inc. Except as expressly admitted herein, BAC denies the allegations contained in Paragraph 15 of the Complaint.

16.

BAC states that any loan documents agreed to by Plaintiff speak for themselves. Except as expressly admitted herein, BAC denies the allegations contained in Paragraph 16 of the Complaint.

17.

BAC states that any loan documents agreed to by Plaintiff speak for themselves. Except as expressly admitted herein, BAC denies the allegations contained in Paragraph 17 of the Complaint.

18.

BAC admits that it had correspondence with Plaintiff, but denies Plaintiff's characterization of that correspondence. Except as expressly admitted herein, BAC denies the allegations contained in Paragraph 18 of the Complaint.

19.

BAC admits that it had correspondence with Plaintiff, but denies Plaintiff's characterization of that correspondence. Except as expressly admitted herein, BAC denies the allegations contained in Paragraph 19 of the Complaint.

20.

BAC denies the allegations contained in Paragraph 20 of the Complaint.

21.

BAC denies the allegations contained in Paragraph 21 of the Complaint.

## V.   COUNT ONE: RESCISSION AND DAMAGES UNDER TILA

22.

BAC incorporates by reference Paragraphs 1–21 above.

23.

The allegations contained in Paragraph 23 are directed at a defendant other than BAC. To the extent that a response is required, BAC is without sufficient knowledge on which to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations of Paragraph 23 are denied.

24.

The allegations contained in Paragraph 24 are directed at a defendant other than BAC. To the extent that a response is required, BAC is without sufficient knowledge on which to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations of Paragraph 24 are denied.

25.

The allegations contained in Paragraph 25 are directed at a defendant other than BAC. To the extent that a response is required, BAC is without sufficient

knowledge on which to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations of Paragraph 25 are denied.

26.

The allegations contained in Paragraph 26 state a legal conclusion that does not require a response from BAC. To the extent that a response is required, BAC denies the allegations contained in Paragraph 26 of the Complaint.

27.

The allegations contained in Paragraph 27 are directed at a defendant other than BAC. To the extent that a response is required, BAC is without sufficient knowledge on which to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations of Paragraph 27 are denied.

28.

The allegations contained in Paragraph 28 are directed at a defendant other than BAC. To the extent that a response is required, BAC is without sufficient knowledge on which to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations of Paragraph 28 are denied.

29.

The allegations contained in Paragraph 29 state a legal conclusion that does not require a response from BAC. To the extent that a response is required, BAC denies the allegations contained in Paragraph 29 of the Complaint.

30.

BAC is without sufficient knowledge or information on which to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations of Paragraph 30 are denied.

31.

The allegations contained in Paragraph 31 state a legal conclusion that does not require a response from BAC. To the extent that a response is required, BAC denies the allegations contained in Paragraph 31of the Complaint.

32.

BAC is without sufficient knowledge or information on which to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations of Paragraph 32 are denied.

33.

The allegations contained in Paragraph 33 are directed at a defendant other than BAC. To the extent that a response is required, BAC is without sufficient

knowledge or information on which to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations of Paragraph 33 are denied.

34.

BAC is without sufficient knowledge or information on which to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations of Paragraph 34 are denied.

35.

BAC is without sufficient knowledge or information on which to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations of Paragraph 35 are denied.

36.

BAC is without sufficient knowledge or information on which to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations of Paragraph 36 are denied.

37.

The allegations contained in Paragraph 37 are directed at a defendant other than BAC. To the extent that a response is required, BAC is without sufficient knowledge or information on which to form a belief as to the truth of the

allegations in this paragraph, and therefore the allegations of Paragraph 37 are denied.

38.

The allegations contained in Paragraph 38 are directed at a defendant other than BAC. To the extent that a response is required, BAC is without sufficient knowledge or information on which to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations of Paragraph 38 are denied.

39.

The allegations contained in Paragraph 39 are directed at a defendant other than BAC. To the extent that a response is required, BAC is without sufficient knowledge or information on which to form a belief as to the truth of the allegations in this paragraph, and therefore the allegations of Paragraph 39 are denied.

40.

BAC admits that it had correspondence with Federal National Mortgage Association and GreenPoint Mortgage Funding, Inc., but denies Plaintiff's characterization of that correspondence. Except as expressly admitted herein, BAC denies the allegations contained in Paragraph 40 of the Complaint. The remainder

of the allegations contained in Paragraph 40 are directed at a defendant other than BAC. To the extent that a response is required, BAC is without sufficient knowledge or information on which to form a belief as to the truth of the remainder of the allegations in this paragraph, and therefore the remainder of the allegations of Paragraph 40 are denied.

41.

The allegations contained in Paragraph 41 state a legal conclusion that does not require a response from BAC. To the extent that a response is required, BAC denies the allegations contained in Paragraph 41of the Complaint.

42.

The allegations contained in Paragraph 42 state a request that is directed at a defendant other than BAC. To the extent that a response is required, BAC denies the allegations contained in Paragraph 42 of the Complaint.

VI.    COUNT TWO: DAMAGES UNDER RESPA

43.

BAC incorporates by reference Paragraphs 1–42 above.

44.

BAC admits that it had correspondence with Plaintiff, but denies Plaintiff's characterization of that correspondence. Except as expressly admitted herein, BAC denies the allegations contained in Paragraph 44 of the Complaint.

45.

BAC denies the allegations contained in Paragraph 45 of the Complaint.

46.

BAC states that any correspondence sent by Plaintiff speaks for itself. Except as expressly admitted herein, BAC denies the allegations contained in Paragraph 46 of the Complaint.

47.

BAC admits that it had correspondence with Plaintiff, but denies Plaintiff's characterization of that correspondence. Except as expressly admitted herein, BAC denies the allegations contained in Paragraph 47 of the Complaint.

48.

BAC admits that it had correspondence with Plaintiff, but denies Plaintiff's characterization of that correspondence. Except as expressly admitted herein, BAC denies the allegations contained in Paragraph 48 of the Complaint.

49.

BAC admits that it had correspondence with Plaintiff, but denies Plaintiff's characterization of that correspondence. Except as expressly admitted herein, BAC denies the allegations contained in Paragraph 49 of the Complaint.

50.

BAC denies the allegations contained in Paragraph 50 of the Complaint.

51.

BAC denies the allegations contained in Paragraph 51 of the Complaint.

52.

BAC denies the allegations contained in Paragraph 52 of the Complaint.

53.

BAC denies the allegations contained in Paragraph 53 of the Complaint.

* * * *

BAC denies any allegation in Plaintiff's Complaint not expressly admitted above. BAC further denies that Plaintiff is entitled to any relief against BAC sought in the Complaint, including as set forth in Plaintiff's "WHEREFORE" Paragraph.

* * * *

WHEREFORE, BAC prays that:

(a)     Plaintiff's claims against BAC be dismissed with prejudice;

(b)     BAC's costs in defending this action be assessed against Plaintiff; and

(c)     BAC have such other and further relief as is just and proper.


Respectfully submitted this 4th day of October, 2011.

**PARKER, HUDSON, RAINER & DOBBS LLP**

*/s/ Darren E. Gaynor*
William J. Holley, II
Georgia Bar No. 362310
Darren E. Gaynor
Georgia Bar No. 288210

1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
Telephone:  404-523-5300
Facsimile:  404-522-8409
E-mail: wholley@phrd.com
E-mail: dgaynor@phrd.com

*Counsel for Bank of America, N.A., successor by
merger to BAC Home Loans Servicing, LP*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT BAC'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES** with the Clerk of Court using the CM/ECF system which automatically served a copy of the foregoing on all counsel of record as follows:

> Stacey A. Hillock
> Jessica Rachel Scott
> John Ross Bartholomew, IV
> Atlanta Legal Aid Society, Inc.
> 151 Spring Street, NW
> Atlanta, Georgia 30303
>
> Jennifer R. Burbine
> McGuireWoods LLP
> 1230 Peachtree Street, N.E.
> Suite 2100, Promenade II
> Atlanta, Georgia  30309

This 4th day of October, 2011.

> */s/ Darren E. Gaynor*
> Darren E. Gaynor

2108928_1